# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

July 17, 2009

Mr. John Kilcullen
44 Club Road #210
Eugene, OR 97401

Ms. Rebecca Knapp
P.O. Box 400
Enterprise, OR 97828

RE: LERRINA COLLINS & ERVIN KERN v. ERIC ROOST & GREGORY CHRISTENSEN
Adversary Proceeding No. 08-6243-fra

Dear Counsel:

     Defendants filed a motion for summary judgment and a hearing was held on June 30, 2009. For the reasons that follow, Defendants' motion will be granted.

Background

A. <u>The Previous Litigation</u>

     Defendant Eric Roost was the Trustee in the chapter 7 bankruptcy of David Rathbun and Ethelyn Hacket-Rathbun, 04-61113-fra7. Shortly after the bankruptcy was filed, debtor David Rathbun passed away, leaving Ms. Hacket-Rathbun as the sole Debtor ("Debtor"). Mr. Roost filed an adversary proceeding against Ervin Kern and Lerrina Collins (the "named defendants'), the children of the Debtor, through his attorney Ms. Tracy Trunnell. The complaint contained two causes of action: avoidance as a constructive fraudulent transfer, under state law, of the Debtor's transfer of her interest in her personal residence and land to the named defendants or, in the alternative, imposition of a constructive trust.

     The Debtor had in 1992 transferred by bargain and sale deed her interest in the property for no consideration, reserving for herself a life estate. At the meeting of creditors, the Debtor had testified that her motivation at the time, at least partly, was to put the property beyond the reach of the man she was married to at the time, but that it was also meant as a gift. Debtor's children promised her that after the transfer of the property they would provide for her as she advanced in age, even if they were required to sell the property to do so. From the documents provided to the Trustee and the testimony at the meeting of creditors, Mr. Roost believed that the Debtor had retained an interest in the property after the transfer that could be recovered for the

bankruptcy estate, and instructed his attorney to file an adversary proceeding to recover the interest. After the complaint was filed, Ms. Trunnell was terminated and Mr. Gregory Christensen was retained as the Trustee's counsel.

The named defendants filed a motion for summary judgment in the adversary proceeding on their affirmative defense that the causes of action alleged by the Trustee were barred by the applicable statutes of limitation. I ruled that the constructive fraudulent transfer claim was brought after the four-year limitation period had already run and the claim was therefore extinguished. Moreover, a claim for <u>actual</u> fraudulent transfer, evidence of which Mr. Christensen argued was present, was also extinguished under the applicable limitation period. While there is no statute of limitation for equitable actions under state law, such as imposition of a constructive trust, the Oregon Supreme Court has ruled that courts should apply the applicable statute of limitation for analogous law-actions as a yardstick. In applying laches, that yardstick is six years and I ruled that imposition of a constructive trust on the 13 year-old transfer was barred by laches. I allowed the Trustee's motion to extend scheduling deadlines to enable him to file an amended complaint, subject to my ruling on summary judgment.

The Trustee, through his attorney Mr. Christensen, filed an amended complaint: 1) alleging that the Debtor retained the full beneficial interest in the property, that the Debtor's children had been made legal owners only as a convenience, and the named defendants should be ordered to turn over their legal interest to the estate, and 2) in the alternative, that the court should order the sale of the entire property, with the named defendants' interest in the property paid from the proceeds. Proceeds from the sale of the Debtor's interest would inure to the bankruptcy estate.

The named defendants filed a motion for summary judgment against the amended complaint. I found, given the circumstances present, that in order for the Court to find that the Debtor retained the full beneficial interest in the property, the Court had to find that an express trust was created by the Debtor in which the named defendants acted as trustees of the trust for the benefit of the Debtor. As no evidence of an express trust was presented to the Court, summary judgment with respect to claim #1 was granted. Under Code § 363(h), the trustee may sell, with the court's approval, both the estate's interest and the interest of a co-owner who had an undivided interest as a tenant in common, joint tenant, or tenant by the entirety. As the named defendants did not have such an interest, the bankruptcy estate could sell only its interest in Debtor's life estate. I denied the Trustee's motion to file a second amended complaint on a breach of contract theory, and the adversary proceeding was closed in favor of the named defendants.

B. <u>The Current Litigation</u>

With the Court's approval, the bankruptcy case was reopened to allow the Plaintiffs Collins and Kern to file the present adversary proceeding in which they seek damages in the amount of $5,500 from Mr. Roost and Mr. Christensen for wrongful use of a civil proceeding.

Defendants, through their attorney Mr. Kilcullen, filed a motion for summary judgment.

## Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## Discussion and Analysis

The tort of wrongful initiation of a civil proceeding under Oregon law requires that the Plaintiffs prove the following elements:

(1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

(2) The termination of the proceeding in the plaintiff's favor;

(3) The absence of probable cause to prosecute the action;

(4) The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

(5) Damages.

Bachmeier v. Tuttle, 195 Or.App. 83,89, 96 P.3d 871,875-76 (2004).

Elements 1 and 2 are met as it is agreed that the Defendants prosecuted a claim against the Plaintiffs which was decided in the Plaintiffs' favor. It can also be assumed that the Plaintiffs incurred attorney fees in defending themselves in the prior litigation (they were represented in that matter by the same attorneys representing them in this matter) and thus have a damages claim. In order to succeed in their motion for summary judgment, then, Defendants

Mr. Kilcullen and Ms. Knapp
July 17, 2009
Page - 4

must show that the Plaintiffs have failed to make a prima facie case respecting elements 3 and/or 4.

A. Probable Cause

"For purposes of a claim for wrongful initiation of civil proceedings, probable cause means that the person initiating the civil action 'reasonably believes' that he or she has a good chance of prevailing - that is, he or she subjectively has that belief and the belief is objectively reasonable." Stevens v. Parker Northwest Paving Co., 194 Or.App. 219, 238, 94 P.3d 885, 896 (2004). The question is not whether the litigant was correct, but whether that belief was reasonable. Id. (citing Restatement (Second) of Torts § 675 comment j). "Once the facts relevant to probable cause are determined, whether the defendants in a wrongful initiation action had probable cause to prosecute the underlying action is a question of law." Id. at 239 (internal citations omitted).

"Evidence that the underlying action was undertaken upon the advice of counsel, relied on in good faith, that the action had a reasonable probability of success is enough to establish probable cause." Id. (internal citations omitted).

In his affidavit, Mr. Roost stated that he relied on his attorney Ms. Trunnell "to conduct the necessary investigation and legal research to determine what legal theories best accomplished our goal of garnering assets that could be used for the benefit of unsecured creditors." In an excerpt from Plaintiffs' deposition of Mr. Roost attached to the affidavit of Plaintiffs' attorney, Mr. Roost states that he deferred to his attorney Mr. Christenson because he was no longer a practicing attorney at the time at issue and that he, Mr. Roost, did not come up with the legal theories or claims asserted in the Amended Complaint or do any independent investigation into the facts of the case after his attorney was employed. Mr. Roost has submitted evidence that he relied on his attorneys to investigate the facts of the case and to assert the claims which had a reasonable probability of success.

Plaintiffs have not rebutted the evidence presented that Mr. Roost relied on his counsel or submitted evidence showing that the reliance was not in good faith. To the contrary, Plaintiffs submit in their own concise statement of material facts that "Defendant Roost relied entirely upon the advice of legal counsel in determining what claims to assert against plaintiffs in the adversary proceeding." Pursuant to Stevens v. Parker Northwest Paving Co., probable cause to prosecute has been established for Mr. Roost, and Plaintiffs' case against him must fail.

B. The Existence of Malice

To make their case that Defendant Christenson acted with malice, Plaintiffs must present evidence that Defendant in bringing the action against the Plaintiffs acted for a purpose other than "securing an adjudication of the claim." Bachmeier, 195 Or.App. at 89. Defendants submitted affidavits in which they indicated that they subjectively believed that they had probable cause to bring the action and that they harbored no personal animus toward the Plaintiffs. Plaintiffs submitted evidence which they argue puts into doubt the question of the objective reasonableness of Defendant's belief that he had a good chance of prevailing in the action against Plaintiffs. Evidence is also presented with respect to one claim for relief contained in the original Complaint that Mr. Christensen allegedly admitted had no merit, but continued to

litigate. Plaintiffs argue that this in itself is sufficient for the Court to infer that Mr. Christensen's primary purpose in litigating the action against Plaintiffs was other than adjudication of the claim itself, thus requiring denial of summary judgment.

While an inference of malice may be made from a showing of the lack of probable cause with regard to a client, Bachmeier at 90, "[a]n attorney is not liable for malicious prosecution unless the attorney acts *both* without probable cause to believe the client's claim will succeed *and* for an improper purpose." Id. (emphasis in original). Plaintiffs acknowledge this in their memorandum, but make the argument that the Court must infer that attorney Christenson, by allegedly admitting that he lacked probable cause to prosecute a claim, acted for an improper purpose. This inference does not follow from the relevant caselaw, but actually contradicts it.

Defendants have submitted admissible evidence that they acted without malice in bringing the action against Plaintiffs and Plaintiffs have failed to rebut that evidence with regard to either Defendant.

## Conclusion

This Letter Opinion represents the Court's findings of fact and conclusions of law. For the reasons given, Defendants' motion for summary judgment will be granted. The attorney for Defendants should submit a form of judgment in accord with this opinion.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge